IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MELISSA G. JACKSON                                                                                      PLAINTIFF

V.                                            NO. 12-3082

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration               DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Melissa G. Jackson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on November 14, 2009, alleging an inability to work due to "Herniated disks and disk replacement." (Tr. 107-108, 114-118, 144, 148). An administrative hearing was held on August 24, 2010, at which Plaintiff appeared with counsel and she and her husband testified. (Tr. 27-48).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated January 4, 2011, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - back disorder. (Tr. 17). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> occasionally lift/carry 10 pounds and frequently less than 10 pounds. She can sit for a total of 6 hours and can stand/walk for a total of 2 hours in an 8-hour workday. She can occasionally climb, balance, crawl, kneel, stoop, and crouch. She must be able to shift from sitting to standing at will, rather than simply being accommodated by the normal breaks allowed in unskilled sedentary work.

(Tr. 18). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as machine tender, surveillance system monitor, and cashier II. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional records and denied the request on June 1, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

-2-

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff contends on appeal that the ALJ erred in his RFC determination. (Doc. 9). RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

AO72A
(Rev. 8/82)

Plaintiff contends that the ALJ disregarded the assessment of Dr. Shannon Brownfield without providing any reasons for doing so, and has no medical support for the specific conclusions within the RFC findings.

In his decision, the ALJ discussed Dr. Brownfield's findings, noting that his examination revealed normal range of motion in the spine with the exception of limited flexion in the lumbar spine. (Tr. 19). Dr. Brownfield also reported that Plaintiff had normal limb function and was able to stand/walk without assistive devices, walk on heel and toes, and squat/arise from a squatting position. (Tr. 347). The ALJ also acknowledged that Dr. Brownfield opined that Plaintiff had severe limitations in her ability to stoop, bend, lift and to be in a prolonged position. (Tr. 19). The ALJ concluded that based on a review of the overall medical evidence of record as a whole, Plaintiff's disorder of the back appeared to have been effectively treated with conservative measures and that any related limitations were not severe to a degree that would limit activities beyond the scope of his RFC. (Tr. 19).

Clearly, the ALJ took into account Dr. Brownfield's opinion, and included in his RFC assessment the limitation that Plaintiff must be able to shift from sitting to standing at will, rather than simply being accommodated by the normal breaks allowed in unskilled sedentary work. (Tr. 18). In addition, the three jobs the VE listed that Plaintiff would be able to perform do not require stooping, climbing, balancing, kneeling, crouching or crawling. <u>Dictionary of Occupational Titles</u> §§ 673.685-042, 379.367-010, 211.462-010.

The ALJ noted that he did not discount all of Plaintiff's complaints, and recognized that she did experience limitations. (Tr. 20). However, considering the objective medical evidence in the record, the ALJ found that Plaintiff's RFC was reasonable, and that she could function

within those limitations without experiencing significant exacerbation of her symptoms. (Tr. 20). The ALJ concurred with the opinions of the state agency consultants, in this case, Dr. Bill Payne (found Plaintiff capable of sedentary work), and Dr. Alice M. Davidson (affirmed Dr. Payne's assessment).

With respect to the additional evidence considered by the Appeals Council, when the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then the Court must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the undersigned has endeavored to perform this function with respect to the newly submitted evidence. The additional records from Baxter Regional Medical Center dated March 4, 2011 reveal that Plaintiff complained of lumbar pain. (Tr. 349). No vertebral point tenderness was reported, and no local neurological deficit was observed. (Tr. 349-350). Normal motor and coordination were observed. (Tr. 350). The diagnosis was low back pain. (Tr.

350). Three views of the lumbosacral spine revealed postsurgical changes at L4-L5; no acute osseous abnormality; and straightening of the normal lumbar lordosis, which could be seen with Plaintiff's positioning or muscle spasm was noted. (Tr. 352). Another record dated March 10, 2011, by Dr. Wade Ceola, of Springfield Neurological & Spine Institute, indicates that Plaintiff complained that she bent to pick up something and felt a "pop" and went to the emergency room. (Tr. 356). Dr. Ceola wanted Plaintiff to get a CT, and noted that he had offered Plaintiff a fusion in the past, but until the previous week, her pain had been getting better. (Tr. 356). The CT of Plaintiff's lumbar spine without contrast revealed: postoperative changes noted at L4-5; degenerative changes in the lower lumbar facet joints; mild left-sided foramen narrowing by osteophyte at L4-5; no evidence of soft disk herniation; and no significant neural encroachment elsewhere. (Tr. 358). Based upon the diagnoses and opinions given in the newly submitted records, the Court does not believe the newly submitted evidence would have changed the ALJ's opinion that Plaintiff was not disabled.

The Court believes the ALJ considered all of the medical evidence as well as Plaintiff's allegations, and that the ALJ's assessment takes into consideration the limitations provided by Dr. Shannon Brownfield.

Based upon the foregoing, and for those reasons given in Defendant's well-supported brief, the Court finds there is substantial evidence to support the ALJ's RFC determination.

**IV. Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby,

dismissed with prejudice.

      IT IS SO ORDERED this 24th day of October, 2013.

                                        /s/ *Erin L. Setser*
                                        HON. ERIN L. SETSER
                                        UNITED STATES MAGISTRATE JUDGE